### EUREKA CO. et al. v. HENNEY MOTOR CO.

#### No. 861.

District Court, D. Delaware.

Aug. 22, 1933.

Toulmin & Toulmin, of Dayton, Ohio, and Charles C. Keedy, of Wilmington, Del., for plaintiffs.

William G. Mahaffy, of Wilmington, Del., and George A. Chritton (of Dyrenforth, Lee, Chritton & Wiles), of Chicago, Ill., for defendant.

NIELDS, District Judge.

The Eureka Company, the Sayers & Scoville Company, and the Meteor Motor Car Company filed their bill of complaint against Henney Motor Company on the ground of unfair competition. Both Eureka and defendant are licensees of Big Rock Ranch Company, the owner of Heise United States letters patent No. 1,721,391 for an improved hearse.

Defendant in its answer embodies a counterclaim charging that Eureka was licensed by Big Rock only to sell complete hearses manufactured at its place of business; that Eureka had breached that license by manufacturing and selling to the other two plaintiffs parts or incomplete combinations of hearses not in accordance with its license, thereby entailing irreparable damage to defendant; and further charging that plaintiffs had been guilty of infringement of the Heise patent. Defendant seeks a decree declaring the license of Big Rock to Eureka "terminated" or "if, for any reason, there exists any ambiguity in said license * * * an order be entered reforming said license to properly express" the agreement of the parties.

One ground on which plaintiffs moved to dismiss the counterclaim is nonjoinder of Big Rock, a necessary and indispensable party.

The license is a tripartite agreement. If terminated, Big Rock would lose royalties payable thereunder from Eureka. If the license is reformed, the contract rights of Big Rock are necessarily affected. Obviously Big Rock is a necessary and indispensable party to the case sought to be made by the counterclaim. Shields et al. v. Barrow, 17 How. 130, 15 L. Ed. 158.

Were the counterclaim limited to alleged acts of unfair competition on the part of the plaintiffs the situation might be different.

The counterclaim must be dismissed.